IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dia Diaspora,<br>*Plaintiff*<br><br>v.<br><br>Columbus Ale House, Inc. *et al*,<br>*Defendants* | Case No.: 1:22-CV-4677-PKC-MMH<br><br>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I. Introduction

Plaintiff Dia Diaspora has filed a Complaint on behalf of herself and similarly situated individuals against licensed Brooklyn tavern Columbus Ale House Inc. (the "Corporate Defendant") and Tov Lutzer[1] (the "Individual Defendant," and collectively, "Defendants"). Plaintiff alleges that Defendants' violated the FLSA, and Articles 6 and 19 of the NYLL and their supporting regulations issued by the N.Y. Dept. of Labor.

Defendants move to dismiss all claims in the First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b)(2) and (5). Service upon the Corporate Defendant is deficient because it was served upon an individual who did not have actual or apparent authority to accept service on behalf of the corporation. Service upon the Individual Defendant was proven with an affidavit that falsely alleges service details, and thus the affidavit should be stricken and service should be deemed ineffective.

[1] The correct spelling of this defendant's name is "Lutzker."

## II. Statement of Facts

Plaintiffs filed this case on August 9th, 2022, and the case history for the next 5 months consists of repeated warnings by the Court that failure to effect service would result in dismissal, repeated extensions, and a warning that no further extension would be granted. On January 27th, 2023, Plaintiff filed an affidavit of service for the Corporate Defendant and for the Individual Defendant representing service as effected on January 17th, 2023. ECF Nos. 13, 14. The affidavit for service on the Corporate Defendant includes the wording, "By delivery thereat a true copy of each to Alice C. personally. Deponent knew said corporation…to be the corporation…described in aforementioned document as said Defendant and knew said individual to be General agent thereof." Exhibit A, *Summons Returned Executed as to Columbus Ale House Inc*. For the Individual Defendant, it states that the individual who was given the complaint was asked about the defendant's military service and stated they were not in the military. Exhibit B, *Summons Returned Executed as to Tov Lutzker*.

What actually happened is that a process server walked into Defendants' bar and handed the summons and complaint to a bartender. The bartender clearly indicated to the process server that she was confused as to what she was being handed, and the process server stated, "You can give it to a manager." Military service was never mentioned and the process server thereafter left the premises. A security video (with audio) captured the interaction. *See* YouTube, "Attempted Process Service," https://www.youtube.com/watch?v=ADFT3rMgAm0 (Uploaded February 14th, 2023); *see also* Exhibit C, Decl. of Jonathan Corbett (authenticating the same).

## III. Argument

### *A. Diaspora's Complaint As To the Corporate Defendant Should Be Dismissed for Improper Service*

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5), the Corporate Defendant asserts that the federal court lacks personal jurisdiction based on improper service of process.

Federal Rules of Civil Procedure 4(h), service of a corporation, states that a corporate defendant must be served either by processes dictated by state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

New York law states:

> "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:
>
> upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

N.Y. CPLR § 311-a(a).

Thus, under both federal and state process serving procedures, the law is substantially similar: process service must be effected not on any employee of the corporation, but on the corporate leaders identified by the rules/statutes or their designated agents.

The person upon whom service was attempted, "Alice C.," was employed as a bartender and is not a manager, officer, director, or owner. Exhibit C., ¶¶ 8, 9. "Alice C." is not a general agent, nor does she hold any of the other roles outlined above and there cannot accept service on

behalf of the Corporate Defendant. *Anderson v. Kevin Blake & 2510 Hone Ave., Inc.,* 70 Misc. 3d 1222 (N.Y. Civ. Ct. 2021) (holding that a Corporation was not properly served when the Summons and Complaint was given to an employee who does not fall into the statutory categories).

Video showing the attempted service of process makes clear that "Alice C." did not have apparent authority, that there was no reason for the process server to think that she did, and that the process server clearly understood this by directing her to "give it to a manager."

Accordingly, service was not properly executed against the Corporate Defendant. Although the Court has discretion as to whether to allow another attempt, given Plaintiff's continued delay and clear warning that service must be completed by a specific deadline, the Corporate Defendant asks that the First Amended Complaint be dismissed without prejudice – but without leave to re-file in this action – as to it.

### B. ***Diaspora's Complaint As To the Individual Defendant Should Be Dismissed for Improper Service***

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5), the Individual Defendant asserts that the federal court lacks personal jurisdiction based on improper service of process.

On the affidavit of service for the Individual Defendant, it states that the individual who was served was asked whether the Individual Defendant was in active military service. Exhibit B. Video from January 17th, 2023 shows that the individual who was served did not even understand what the paperwork was, let alone who was the defendant to be served. The process server unambiguously did not make any attempt to verify that the defendant was not on active military status.

Some may view this as too minor a detail to quibble over; however, honesty with the Court in affidavits sworn under penalty is no minor detail at all. A party should not be allowed to benefit from sloppy service covered up with dishonesty no matter how trivial they may think the substantive issue is. Further, service of process is not a mere formality that serves no purpose, but rather is an important step in effectuating the due process guaranteed to us by the Constitution for any person whose interests are challenged in court.

Accordingly, the Court should strike the affidavit of service against the Individual Defendant and hold that service was not properly executed against the same. Although the Court has discretion as to whether to allow another attempt, given Plaintiff's continued delay and clear warning that service must be completed by a specific deadline, the Individual Defendant asks that the First Amended Complaint be dismissed without prejudice – but without leave to re-file in this action – as to him.

## IV. Conclusion

For the foregoing reasons, all claims against all defendants should be dismissed for lack of personal jurisdiction.

Dated: Brooklyn, NY
February 15th, 2023

Respectfully submitted,

_________*/s/Jonathan Corbett*_______

Jonathan Corbett, Esq. (CA Bar #325608)
CORBETT RIGHTS, P.C.
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
FAX: (310) 684-3870
Phone: (310) 684-3870
E-mail: jon@corbettrights.com