UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

DIA DIASPORA, *individually and on behalf of
herself and others similarly situated,*

                Plaintiff,

        - against -

COLUMBUS ALE HOUSE, INC., and TOV
LUTZKER,

             Defendants.

---------------------------------------------------------x

**MEMORANDUM & ORDER**

22-CV-4677 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

Plaintiff Dia Diaspora ("Plaintiff") was a bartender at The Graham, a bar and restaurant owned and operated by Columbus Ale House, Inc. ("Corporate Defendant") and Tov Lutzker[1] ("Individual Defendant") (collectively "Defendants"), from April 2022 to June 2022. (Am. Compl., Dkt. 8 (hereinafter "Am. Compl."), ¶¶ 6–7.) Plaintiff brings this collective action on her behalf and those similarly situated for violations of the wage and overtime provisions of the Fair Labor Standards Act ("FLSA") and the overtime, wage, and tipping provisions of the New York Labor Law ("NYLL"). (Dkt. 1, ¶¶ 63–89.) In short, Plaintiff alleges that Defendants unlawfully required Plaintiff and other similarly situated employees to distribute their tips to non-tipped managers at The Graham. (Am. Compl., ¶ 35.) Defendants move to dismiss this action under

---

[1] The Court respectfully directs the Clerk's Office to update the docket with the correct spelling of the surname of the Individual Defendant from Lutzer to Lutzker. (*See* Defs.' Mot. to Dismiss, Dkt. 35 (hereinafter "Dkt. 35"), at ECF 1 n.1.) The Court notes that citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination. As Defendants' motion does not contain page numbers, the Court uses the "ECF" pagination.

Federal Rules of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(5) for lack of proper service.  For the reasons that follow, the Court grants the motion in its entirety.

## BACKGROUND

Plaintiff filed her Amended Complaint against Defendants on September 8, 2022.  (*See* Am. Compl.)  After Plaintiff submitted a letter on December 2, 2022 stating that the parties were "in the process of exploring a potential resolution" in this case (Dkt. 9), the Court directed Plaintiff to file proof of service of the Amended Complaint and summons on Defendants.  (*See* 12/7/2022 Docket Order.)  Then, on January 6, 2023—nearly four months after Plaintiff filed her Amended Complaint—Plaintiff requested an extension of time to serve Defendants.  (Dkt. 12.)  The Court granted this extension.  (*See* 1/8/2023 Docket Order.)  Plaintiff filed her first proof of service documents for Defendants on January 27, 2023.  (*See* Dkts. 13, 14.)

In the wake of the first proof of service documents being docketed, Defendants filed their first motion to dismiss based on improper service.  (*See* Dkt. 18.)  Because Defendants failed to follow the Court's Individual Practices and Rules by first filing a request for leave to file such a dispositive motion, the Court terminated the motion and directed Defendants to file a pre-motion conference ("PMC") letter.  (*See* 2/15/2023 Docket Order.)  Once Defendants properly filed their PMC request, the Court construed this request as Defendants' operative motion to dismiss and denied it on April 6, 2023, noting that it would provide Plaintiff with an additional opportunity to effectuate proper service on Defendants because FRCP 4 must be interpreted "liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Al-Kaysey v. L-3 Servs. Inc.*, No. 11-CV-6318 (RRM) (LB), 2013 WL 5447686, at *5 (E.D.N.Y. Sept. 27, 2013) (quoting *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)); (*see also* 4/6/2023 Docket Order).  In light of the Court's April 6, 2023 Order, Plaintiff, using the same

process service company, filed updated proof of service documents on May 4, 2023 for both Defendants.

As for service on the Individual Defendant, the affidavit of service indicates that the process server went to The Graham on April 26, 2023 and served a young woman who refused to give the process server her name (and is therefore identified as Jane Doe in the proof of service document), but is alleged to be a co-worker of the Individual Defendant who is "of suitable age and discretion." (Dkt. 25.) The affidavit lists The Graham as the Individual Defendant's "actual place of business/employment." (*Id.*) The document also notes that Jane Doe answered in the negative when asked if the Individual Defendant was in active military service. (*Id.*) Finally, the affidavit of service noted that a copy of the complaint and summons were mailed to the Individual Defendant at The Graham in accordance with New York state procedure. (*Id.*)

As for service on the Corporate Defendant, the affidavit of service notes that the process server provided the Amended Complaint and summons to Jane Doe at The Graham because the server "knew said individual to be a General Agent thereof." (Dkt. 24.)

After these two affidavits of service were filed on the docket, Defendants again requested a PMC on their anticipated motion to dismiss for lack of proper service. (*See* Dkt. 26.) After reviewing Defendants' request and Plaintiff's response, the Court denied Defendants' second PMC request as unnecessary and allowed the parties to move forward with motion practice, since the Court had "given Plaintiff several opportunities to properly serve the Individual Defendant and the Corporate Defendant in this matter" and that "Plaintiff appear[ed] to have followed the same process as she did in her first attempt at service." (5/31/2023 Docket Order.)

## LEGAL STANDARD

"For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'" *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected.").

"In deciding a Rule 12(b)(5) motion, a Court must look to [FRCP] 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Under FRCP 4, a plaintiff must serve the summons and complaint on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1), 4(m). If a plaintiff fails to effect service on a defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Furthermore, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *see also Canady v. Correct Care Sols.*, No. 15-CV-4893 (KMK), 2017 WL 4280552, at *9 (S.D.N.Y. Sept. 25, 2017) (citing *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (noting that when a plaintiff has demonstrated good cause, the extension to serve is mandatory)).

To survive a motion to dismiss for insufficient service of process under Rule 12(b)(5), "the plaintiff bears the burden of establishing that service was sufficient." *Allstate Ins. Co. v. Rosenberg*, 771 F. Supp. 2d 254, 260 (E.D.N.Y. 2011) (quoting *Khan v. Khan*, 360 F. App'x 202,

203 (2d Cir. 2010) (summary order)).[2]  "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)).  Finally, "in considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Wilson v. Cuomo*, No. 21-CV-214815 (GRB) (AYS), 2022 WL 4644695, at *3 (E.D.N.Y. Aug. 28, 2022), *R. & R. adopted*, 2022 WL 4662825 (E.D.N.Y. Sept. 30, 2022).

## DISCUSSION

The record in this case indicates that service on the Corporate Defendant was improper, and absent any meaningful refutation of Defendants' challenge to the sufficiency of service on the Individual Defendant, the Court is compelled to conclude that service on the Individual Defendant was improper as well.

## I.   Sufficiency of Service on Corporate Defendant

Federal Rule of Civil Procedure 4(h), which governs service of process on the Corporate Defendant, states that a corporation may either be served "by delivering a copy of the summons

---

[2] While the Second Circuit has not clearly articulated the quantum of proof required for a plaintiff to demonstrate sufficient service of process, Section 308(2) of New York Civil Practice Law and Rules, which sets forth the requirements for personal service of process on an individual in New York, "requires strict compliance, and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made." *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595 (SJF) (ARL), 2014 WL 2863224, at *14 (E.D.N.Y. June 19, 2014) (quoting *Rosario v. NES Med. Servs. of N.Y., P.C.*, 963 N.Y.S.2d 295, 297 (N.Y. App. Div. 2013)).

and the complaint to *an officer, a managing or general agent, or any other agent authorized by appointment or by law* to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B) (emphasis added), or by following the same procedure as provided for under New York state law for serving an individual, *see* Fed. R. Civ. P. 4(h)(1)(A). "The phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise." *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (quoting *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014)), *R. & R. adopted*, 3/31/2019 Docket Order.

Plaintiff asserts in the affidavit of service for the Corporate Defendant that Jane Doe was an "authorized agent" of the Corporate Defendant as required under FRCP 4(h)(1)(B). (Dkt. 35, at 7.) This affidavit of service, however, does not state how the server knew that Jane Doe was a "general agent" of the Corporate Defendant. "This facial infirmity suggests service was not made to a person authorized to accept service." *Feng Lin*, 2019 WL 1450746, at *5. For their part, Defendants refute that Jane Doe was authorized to accept service on behalf of the Corporate Defendant in a declaration submitted by Defendants' counsel, Jonathan Corbett, in which he states that Jane Doe is "a non-managerial employee working for the Corporate Defendant as a bartender." (Corbett Decl., Dkt. 35-1 (hereinafter "Corbett Decl."), ¶ 9.) The Corbett Declaration also attests to the authenticity of two surveillance videos posted on YouTube that purportedly show Plaintiff's process server at The Graham on January 17, 2023 during Plaintiff's first attempt at service, and on April 26, 2023 during Plaintiff's second attempt at service. (*Id.* ¶ 4.) The substance of the Corbett Declaration is that neither of the individuals who accepted service at The Graham were

agents of the Corporate Defendant who were designated to accept service. (*Id.* ¶¶ 8–10.)  In her opposition, Plaintiff does not make a meaningful attempt to establish that Jane Doe was a general agent of the Corporate Defendant and merely reiterates that conclusion.  (Pl.'s Opp'n, Dkt. 36, at 7 ("Service was affected by personally serving 'Jane Doe', an employee at The Graham, and authorized agent of the Corporate Defendant.").)

Because Defendants have rebutted the propriety of service on the Corporate Defendant, and Plaintiff has adduced no evidence that Jane Doe was an agent of the Corporate Defendant authorized to accept service on its behalf, the Court finds that service on the Corporate Defendant was not proper.

## II.      Sufficiency of Service on the Individual Defendant

Federal Rule of Civil Procedure 4(e), which is the service rule that applies to the Individual Defendant, states:

> [A]n individual may be served with process in the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  In turn, Section 308 of New York's Civil Practice Law and Rules—the state law governing service of process—requires delivering "the summons within the state to a person

of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]"  N.Y. C.P.L.R. § 308(2) (McKinney).

Plaintiff's affidavit of service on the Individual Defendant states that the process server delivered the summons and amended complaint to Jane Doe, "a person of suitable age and discretion."  (Dkt. 25.)  This document, while prima facie evidence that the Individual Defendant was properly served, has been rebutted by Defendants.  Here, Defendants do not dispute that in-person service at the Individual Defendant's actual place of business and a mailing to that same location would constitute sufficient service, or that The Graham is the Individual Defendant's actual place of business.  (*See* Dkt. 35, at ECF 8.)  Rather, Defendants argue that service of process on the Individual Defendant was insufficient because the affidavit of service "testified to falsities."[3]  (Dkt. 35, at 8.)  Specifically, according to Defendants, despite the affidavit attesting to the process server having "asked the person spoken to whether [the Individual Defendant] was in active military service . . . and receiv[ing] a negative reply" (Dkt. 25), "the process server unambiguously did not make any attempt to verify that the [Individual Defendant] was not on active military status."  (*Id.*)  Defendants rely on the audio from the video of the April 26, 2023 service to establish that "[m]ilitary service was never mentioned."  (Dkt. 35, at ECF 4.)

To begin, this situation is distinct from one in which the defendant has presented a "sworn affidavit that he was not served."  *Darden*, 191 F. Supp. 2d at 387.  Indeed, the Court is well aware

---

[3] Although Defendants refer to "falsities," the only inaccuracy they point to in the service affidavit relates to whether the Individual Defendant was in active military status at the time of service.

that Defendants have actual notice of this lawsuit.  However, "actual notice does not cure deficient service."  *Phillip v. City of N.Y.*, No. 09-CV-442, 2012 WL 1598082, at *3 (E.D.N.Y. May 7, 2012) (citing *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991)).  Here, Defendants have raised serious concerns regarding the veracity and accuracy of Plaintiff's service of process on the Individual Defendant, and Plaintiff has done nothing to satisfy her burden of "proving its adequacy." *Mende*, 269 F. Supp. 2d at 251.  The Court concludes that, given persistent shortcomings in Plaintiff's service of process on the Defendants in this lawsuit despite multiple opportunities to cure any errors, coupled with Plaintiff's utter lack of evidence supporting the conclusion that service was proper, the affidavit of service for the Individual Defendant is ultimately unreliable.  *See Dominguez v. Hernandez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *18 (E.D.N.Y. Feb. 22, 2023) (stating that a court "need not assume service was proper . . . if the affidavits are inconsistent or unreliable").

For these reasons, the Court finds that service of process on the Individual Defendant was not proper.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted.  The case is dismissed without prejudice.[4]  *See In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 431–32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with

---

[4] The Court notes that Plaintiff has time to re-file this case before the statute of limitations runs on her FLSA claim.  *See Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 356 n.13 ("FLSA provides for a two-year statute of limitations, unless the employer's conduct is 'willful,' in which case, the three-year statute of limitations applies."); *see also Di Pompo v. Mendelson*, No. 21-CV-1340 (CS), 2022 WL 1093500, at *4 n.4 (S.D.N.Y. Apr. 7, 2022) (granting 12(b)(5) motion and dismissing case without prejudice, but noting that the plaintiff would have time to re-file).

prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice."); *see* Fed. R.

Civ. P. 4(m).  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 26, 2024
       Brooklyn, New York

10